Larry W. Lee (State Bar No. 228175)
Max W. Gavron (State Bar No. 291697)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

William L. Marder, Esq. (State Bar No. 170131)
**Polaris Law Group LLP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARLETTE VILLATORO, as an individual and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>        vs.<br><br>WALTERS & WOLF INTERIORS, a California corporation; WALTERS & WOLF CONSTRUCTION SPECIALTIES, INC., an Arizona corporation; WALTERS & WOLF GLASS COMPANY, a California corporation; WALTERS & WOLF PRECAST, a California corporation; and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case No.: 20-CV-00609-KAW<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>**(1)  VIOLATION OF CAL. LABOR CODE § 226;**<br><br>**(2)  VIOLATION OF CAL. LABOR CODE § 2698, *ET SEQ*.**<br><br>**DEMAND OVER $25,000.00** |

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

Plaintiff Sharlette Villatoro ("Plaintiff") hereby submits this First Amended Class and Representative Action Complaint ("Complaint") against Defendants Walters & Wolf Interiors ("W&WI"), Walters & Wolf Construction Specialties, Inc. ("W&WCSI"), Walters & Wolf Glass Company ("W&WGC"), Walters & Wolf Precast ("W&WP"), and Does 1 through 50 (hereinafter collectively referred to as "Defendants"), on behalf of herself and a class of all other similarly situated current and former employees of Defendants for civil and statutory penalties under the California Labor Code as follows:

## INTRODUCTION

1.      This class and representative action is within the Court's jurisdiction under California Labor Code sections 226 and 2698 *et seq.*

2.      This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against individuals who worked for Defendants.

3.      Plaintiff is informed and believes, and based thereon alleges, that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in Defendants' failure to provide accurate itemized wage statements Plaintiff and Class Members.

4.      Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the violations of California Labor Code sections 226 and 2698 *et seq.*

6.      Venue is proper in Alameda County because Defendants maintain their headquarters in Fremont, California, and Plaintiff worked for Defendants in Fremont, California.

## PARTIES

7.      Plaintiff began working for Defendants as a Project Administrative Assistant on or about October 10, 2016.  Plaintiff works as a non-exempt, hourly employee, as a project

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

administrative assistant.  Her wage statements identify "Walters&Wolf" and "Walters & Wolf INTERIORS" as her employer.  The address of her employers on her wage statement is 41450 Boscell Rd., Fremont, CA 94538.

8.     Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived her of the rights guaranteed by California Labor Code sections 226 and 2698 *et seq*.

9.     Plaintiff is informed and believes, and based thereon alleges that Defendant Walters & Wolf Interiors is a California corporation that provides interior doors, frames, and hardware for client projects.  Plaintiff is informed and believes, and based thereon alleges, that Walters & Wolf Interiors is located in Fremont, California.

10.     Plaintiff is informed and believes, and based thereon alleges that Defendant Walters & Wolf Construction Specialties, Inc. is an Arizona corporation that provides curtain wall subcontracting services.  Plaintiff is informed and believes, and based thereon alleges, that Walters & Wolf Construction Specialties, Inc. is located in Fremont, California.

11.     Plaintiff is informed and believes, and based thereon alleges that Defendant Walters & Wolf Glass Company is a California corporation that provides glass and glazing contracting services.  Plaintiff is informed and believes, and based thereon alleges, that Walters & Wolf Glass Company is located in Fremont, California.

12.     Plaintiff is informed and believes, and based thereon alleges that Defendant Walters & Wolf Precast is a California corporation that provides precast concrete and glass fiber reinforced concrete contracting services.  Plaintiff is informed and believes, and based thereon alleges, that Walters & Wolf Precast is located in Fremont, California.

13.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.  As such, and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to the California Labor Code.

14.     Plaintiff does not know the true names or capacities, whether individual, partner

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

or corporate, of the defendants sued herein as Does 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and based thereon alleges that each of said fictitious defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

15.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

16.    Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

17.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

18.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

19.     Plaintiff is informed and believes and based thereon alleges that Defendants share a unity of interest and/or ownership, commingle funds and/or other assets among themselves, and share a common brand of Walters & Wolf.  Defendants share a similar equitable ownership in the four named entities, similar use of the same offices and employees, and use the name "Walters & Wolf" as a mere shell or conduit for the affairs of the Defendants.  Plaintiff further alleges, on information and belief, that Defendants inadequately capitalize one or more of the corporate entities at the expense of employees working for one of the entities, while believing they work for "Walters & Wolf."  Plaintiff alleges that Defendants do not segregate corporate records, and that Defendants share identical directors and officers between the all four companies.

20.     Defendants maintain a website at "waltersandwolf.com."  On Defendants' website, they identify different "capabilities."  One of the "capabilities" identified includes "Interiors."  However, nowhere on Defendants' website do they identify as separate entities "Walters & Wolf Interiors," "Walters & Wolf Construction Specialties, Inc.," "Walters & Wolf Precast," or "Walters & Wolf Glass."  This is because all four Defendants operate under the same brand and corporate structure of "Walters & Wolf."

21.     Defendants describe the unity of interest of the defendant four entities on Defendants website.  Defendants' website states:

> Years ago, John Walters and Randy Wolf met and became fast friends while working together at Hart Glass Company. In 1977 they left Hart and launched Walters & Wolf Glass Company. From their first days working at the small offices in Santa Clara and installing glass in "tilt-up" buildings, John and Randy focused on developing close professional relationships with their customers, empowering their employees, improving services through innovation, and holding their company's work to towering standards.

> With every new job came gradual growth, and in 1979 *Walters & Wolf* had the honor of purchasing Hart Glass, John and Randy's former employer. This acquisition brought many talented people (and friends) into *the company*, allowing it to take on even larger jobs.

> In 1981, John and Randy responded to market demands by introducing cladding services and product lines beyond glass, clearing a path for the company that they

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

have only widened since.

Today, Walters & Wolf wraps distinctive, high-profile projects from *eight different facilities*, covering markets across the western United States.

22.      On information and belief, Defendants maintain a single Human Resources Department that governs the employment of Plaintiff and putative class members.  On Defendants website, at "waltersandwolf.com/careers," Defendants state, "Walters & Wolf is always on the lookout for people with talent, tenacity, and exacting standards. If you're experienced in architectural cladding, interior door and wall systems, construction management, or a related discipline, send us an email with your resumé attached. If we like what we see, we'll reach out next time we have an opening."  Below that, Defendants identify a single email address where prospective employees should send their resumes:

"**carerrers@waltersandwolf.com.**" Defendants also identify a single Human Resources department, which is located at the same principal executive location of all the defendant entities, a single link to a "Walters & Wolf Job Inquiry Form," and "Walters & Wolf Employment Application," among other things demonstrating a unity of ownership and interests:

**Additional Employment Information**

    ○ **Email:**

You may send a short e-mail message describing your relevant experience to careers@waltersandwolf.com

• **General Inquiries:**

To further explore any of the opportunities mentioned on this page, please send resume and salary history to the following address:

Walters & Wolf
Human Resources Dept.
41450 Boscell Road
Fremont, CA 94538

All resumes will be kept in the strictest confidence. Walters & Wolf is an equal opportunity employer.

• **Submit Information to Walters & Wolf Human Resources Department:**

If none of these positions match what you're looking for, you can write a brief statement about your skills and requirements and submit it to our personnel file by downloading and completing the Walters & Wolf Job Inquiry Form and emailing it to careers@waltersandwolf.com. The next time a position opens up, we'll look for potential matches in this file before we begin a wider search.

Download Walters & Wolf Job Inquiry Form
Download Walters & Wolf Employment Application

23.     Defendants refer to "the company" and "facilities," which demonstrates that all of the Defendants operate as a unified company providing different types of services to their customers.  However, Defendants do not operate as independent entities.  On information and belief, each of the named Defendants does not maintain its own website, its own corporate files, or otherwise maintain a distinct corporate presence in California, such that each defendant is the alter ego of the other.

24.     Defendants filed corporate documents with the California Secretary of State, including, but not limited to, Statements of Information, and Registration documents.  On these corporate filings, Defendants all share the same agent for service of process: Randall Alan Wolf.  Defendants also all share the same "entity address" and "mailing address," which Defendants identify as 41450 Boscell Rd., Fremont, CA 94538.  Defendants do no operate independently of each other.

25.     Defendants' corporate filings also demonstrate the unity of ownership among Defendants.  For example, on September 1, 1997, the president and chief executive office of what was then called "Lafayette Precast, Inc." resolved to amend the articles of incorporation to name the corporation, "Walters & Wolf Precast."  Randall A. Wolf was identified as the President, Chief Executive Officer, and Secretary of this corporation.  On October 5, 2017, Walters & Wolf Precast submitted a Statement of Information to the California Secretary of State wherein it identified Randall Alan Wolf as the Chief Executive Office, Jeff Bruce Belzer as the Secretary, and James Gregory O'Connor as the Chief Financial Officer.  The principal executive office of Walters & Wolf Precast is 41450 Boscell Rd., Fremont, CA 94538—the same as the other named Defendants.

26.     On October 5, 2017, Walters & Wolf Interiors submitted a Statement of Information to the California Secretary of State wherein it identified Randall Alan Wolf as the Chief Executive Office, Jeff Bruce Belzer as the Secretary, and James Gregory O'Connor as the Chief Financial Officer.  The principal executive office of Walters & Wolf Interiors is 41450 Boscell Rd., Fremont, CA 94538—the same as the other named Defendants.

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

27.    On information and belief, Randall A. Wolf is the President and Chief Executive Officer of Walters & Wolf Construction Specialties, Inc., and Walters & Wolf Construction Specialties, Inc. also holds its principal executive offices at 41450 Boscell Rd., Fremont, CA 94538.  Also like the other Defendants, Jeff B. Belzer is the Secretary for the corporation.

28.    On June 24, 1991, Walters & Wolf Glass Company filed a Certificate of Amendment of Articles of Incorporation and identified Randall A. Wolf as the President of the corporation.  On June 22, 2009, Walters & Wolf Glass Company filed a Statement of Information with the California Secretary of State, which identified Randall Alan Wolf as the Chief Executive Officer, and Jeff Belzer as the Secretary and Chief Financial Officer.  Walters & Wolf Glass Company identified its principal executive office located at 41450 Boscell Road, Fremont, CA 94538.  On July 17, 2019, Walters & Wolf Glass Company filed a Statement of Information with the California Secretary of State, which identified Randall Alan Wolf as the Chief Executive Officer, and identified the corporation's principal executive office located at 41450 Boscell Road, Fremont, CA 94538—the same as the other Defendants.

29.    On information and belief, the current Vice President for all four Defendants is Christopher M. Wolf.  *See* Dkt. No. 14-1.

30.    Because Defendants maintain a unity of interests and do not maintain corporate formalities, as described in detail above, Defendants are the alter egos of each other, and employed Plaintiff and the putative class members.  Not holding Defendants liable as alter egos will result in injustice because Plaintiff and the class members will not be able to pursue legal remedies against all Defendants, despite Defendants holding themselves out as a unified entity, as described above.  Plaintiff requires discovery to determine further details of Defendants' corporate relations, including whether the entities are undercapitalized, whether the Defendants maintain individual corporate records, etc.

## CLASS ACTION ALLEGATIONS

31.    **Definition**:  The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure section 382.  Plaintiff proposes the following Class: All current and former employees of Defendants in the State of California who earned wages at any

1    time between December 16, 2018, through the date of class certification (the "Class"), and the

2    following Sub-Class:

3                        a.        All current and former non-exempt, hourly employees of Defendants in

4                                   the State of California who earned wages at any time between December

5                                   16, 2018, through the date of class certification (the "Hourly Sub-Class")

6    32.    **Numerosity**:  The members of the Class are so numerous that joinder of all

7    members would be impractical, if not impossible.  The identity of the members of the Class is

8    readily ascertainable by review of Defendants' records, including payroll records.  Plaintiff is

9    informed and believes, and based thereon alleges, that Defendants failed to provide accurate

10   itemized wage statements to employees in violation of Labor Code section 226.

11   33.    **Adequacy of Representation**:  The named Plaintiff is fully prepared to take all

12   necessary steps to represent fairly and adequately the interests of the Class defined above.

13   Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Class and

14   the individual Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class

15   actions in the past and currently have a number of wage-and-hour class actions pending in

16   California state and federal courts.

17   34.    Defendants uniformly administered a corporate policy, practice of failing to

18   provide accurate itemized wage statements to Plaintiff and the Class in violation of Labor Code

19   section 226.

20   35.    **Common Question of Law and Fact**:  There are predominant common questions

21   of law and fact and a community of interest amongst Plaintiff and the claims of the Class

22   concerning Defendants' policy and practice of failing to provide proper wage statements to

23   Plaintiff and the Class in violation of Labor Code section 226.

24   36.    **Typicality**:  The claims of Plaintiff are typical of the claims of all members of the

25   Class in that Plaintiff suffered the harm alleged in this Complaint in a similar and typical manner

26   as the Class Members.  As with other California employees, Plaintiff was not provided proper

27   and accurate itemized wage statements that identified all applicable rates of pay and payroll

28   period start date, in violation of Labor Code sections 226(a)(9) and 226(a)(6), respectively.

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

Instead, the wage statements provided to Plaintiff only identify the number of hours worked and gross wages earned. The wage statements also only identify the "Period Ending" date, rather than the complete payroll period. Therefore, Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code section 226.

37.    The California Labor Code section upon which Plaintiff bases these claims is broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

38.    The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

39.    The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other Class Members not parties to the adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

prosecution considering all of the concomitant costs and expenses.

40.    Such a pattern, practice and uniform administration of corporate policy regarding illegal payroll practices described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code section 226 and Code of Civil Procedure section 1021.5.

41.    Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Plaintiff Class to recovery on the causes of action alleged herein.

## FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226

### (BY PLAINTIFF, THE CLASS, AND THE HOURLY SUB-CLASS AGAINST ALL DEFENDANTS)

42.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

43.    Defendants failed in their affirmative obligation to provide accurate itemized wage statements.  Defendants, as a matter of policy and practice, did not provide accurate records in violation of Labor Code section 226(a).

44.    Plaintiff and Class Members were paid on an hourly basis.  As such, the wage statements provided to them should have reflected the correct hourly rates of pay and inclusive payroll period dates.  The wage statements provided to Plaintiff and the Class failed to accurately identify such information.  More specifically, the wage statements did not identify any applicable rates of pay for regular, overtime, or other hours worked.  Instead, the wage statements identify only number of hours worked and gross wages earned.  In addition, the wage statements also only identify the "Period Ending" date, rather than the complete payroll period.

45.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein in a civil action, for all penalties pursuant to Labor Code section 226, including

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code section 226.

<b><u>SECOND CAUSE OF ACTION</u></b>

<b>VIOLATION OF LABOR CODE § 2698, <i>ET SEQ.</i></b>

<b>(BY PLAINTIFF ON BEHALF OF THE STATE AND AGGRIEVED EMPLOYEES, AGAINST ALL DEFENDANTS)</b>

46.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

47.     Plaintiff brings this cause of action as a proxy for the State of California and in this capacity, seeks penalties on behalf of all Aggrieved Employees from November 18, 2018, through the date of final judgment, for Defendants' policy and practice of failing to provide proper wage statements in violation of Labor Code section 226(a).

48.     On information and belief, Walters & Wolf Construction Specialties, Inc. and Walters & Wolf Precast are not members of any collective bargaining agreement that addresses the ability of workers to bring claims under the PAGA. To the extent any employees of Defendants are covered by a collective bargaining agreement that complies with California Labor Code Section 2699.6, which exempts certain employees of the construction industry from bringing a claim under the PAGA, Plaintiff seeks to represent those non-union aggrieved employees of Defendants.

49.     Plaintiff also seeks to represent all aggrieved employees of Defendants, whether unionized or not, who did not earn 30 percent more than the state minimum wage.

50.     On or about November 18, 2019, Plaintiff sent written notice to the California Labor & Workforce Development Agency ("LWDA") of Defendants' violations of Labor Code section 226(a), pursuant to Labor Code section 2698, *et seq*., the Private Attorney General Act ("PAGA"). To date, the LWDA has not responded to Plaintiff's written notice.

51.     As such, pursuant to Labor Code section 2699(a), Plaintiff seeks recovery of any and all applicable civil penalties for Defendants' violation of Labor Code section 226(a) for the time period described above, on behalf of herself and other Aggrieved Employees.

//

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.    For an order certifying the proposed Class;

2.    For an order appointing Plaintiff as the representative of the Class as described herein;

3.    For an order appointing Counsel for Plaintiff as Class counsel;

4.    Upon the First Cause of Action, for penalties pursuant to California Labor Code section 226, and for costs and attorneys' fees;

5.    Upon the Second Cause of Action, for civil penalties according to proof pursuant to Labor Code section 2698, *et seq*., Labor Code § 226.3, and for costs and attorneys' fees;

6.    On all causes of action for attorneys' fees and costs as provided by California Labor Code sections 226 and 2699, and Code of Civil Procedure section 1021.5; and

7.    For such other and further relief the Court may deem just and proper.


DATED:  February 21, 2020                    DIVERSITY LAW GROUP, P.C.

By:   /s/ Larry W. Lee
                                                                   Larry W. Lee
                                                                   Max W. Gavron
                                                      Attorneys for Plaintiff and the Class

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**