Larry W. Lee (State Bar No. 228175)
Max W. Gavron (State Bar No. 291697)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

William L. Marder, Esq. (State Bar No. 170131)
**Polaris Law Group LLP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333

Attorneys for Plaintiff and the Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARLETTE VILLATORO, as an individual and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>   vs.<br><br>WALTERS & WOLF INTERIORS, a California corporation; WALTERS & WOLF CONSTRUCTION SPECIALTIES, INC., an Arizona corporation; WALTERS & WOLF GLASS COMPANY, a California corporation; WALTERS & WOLF PRECAST, a California corporation; and DOES 1 through 50, inclusive,<br><br>           Defendants. | Case No.: 20-CV-00609-KAW<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (as modified)**<br><br>**AS MODIFIED**<br><br>Date:       August 19, 2021<br>Time:       1:30 P.M.<br>Courtroom:  TBD<br>Judge:     Hon. Kandis A. Westmore |

1

1

## [~~PROPOSED~~] ORDER AS MODIFIED

2    Plaintiff Sharlette Villatoro ("Plaintiff" or "Class Representative"), having made an

3 application pursuant to Fed. R. Civ. P. Rule 23(e) for entry of an order (a) preliminarily

4 approving the settlement of the litigation pursuant to the Joint Stipulation of Class Action

5 Settlement (the "Agreement"); (b) certifying the Class for purposes of proceedings in connection

6 with the final approval of the Agreement; (c) approving the form of Notice of Class Action

7 Settlement and directing the manner of delivery thereof; (d) approving Larry W. Lee and Max

8 W. Gavron of Diversity Law Group and William L. Marder of Polaris Law Group, as Class

9 Counsel, and Plaintiff as Class Representative.

10    IT IS HEREBY ORDERED THAT:

11    1.    All defined terms contained herein shall have the same meaning as set forth in the

12 Agreement executed by the Parties and filed with this Court.

13    2.    The Agreement is hereby PRELIMINARILY APPROVED as appearing on its

14 face to be fair, reasonable, and adequate and to have been the product of serious, informed, and

15 extensive arm's-length negotiations among the Plaintiff and Defendants Walters & Wolf

16 Interiors, Walters & Wolf Construction Specialties, Inc., Walters & Wolf Glass Company, and

17 Walters & Wolf Precast (collectively, "Defendants" or "Walters & Wolf") (Plaintiff and

18 Defendants together referred to as the "Parties"). In making this preliminary finding, the Court

19 considered the nature of the claims, the relative strength of Plaintiff's claims, the amounts and

20 kinds of benefits paid in settlement, the allocation of settlement proceeds among the class

21 members, and the fact that a settlement represents a compromise of the Parties' respective

22 positions rather than the result of a finding of liability at trial. The Court further preliminarily

23 finds that the terms of the Agreement have no obvious deficiencies and do not improperly grant

24 preferential treatment to any individual class member.

25    3.    Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court

26 conditionally certifies the Settlement Class defined as the following:

27    All employees of Defendants in the State of California who were
paid wages at any time during the Class Period (November 22,
28    2018 through January 15, 2020).

The Court finds preliminarily, and for purposes of proceeding pursuant to Fed. R. Civ. P. Rule 23(e), that the number of class members is sufficiently numerous, the class members are ascertainable based on the Defendants' records, the Plaintiff's claims are typical of those in the class, and that there is adequate and fair representation. Accordingly, the Settlement Class is hereby CERTIFIED for the purposes of the Settlement pursuant to Fed. R. Civ. P. 23(e).

4.      Pursuant to Fed. R. Civ. P. 23(g), the Court hereby APPOINTS as Class Counsel for the Class Larry W. Lee and Max W. Gavron of Diversity Law Group and William L. Marder of Polaris Law Group. The Court finds that Class Counsel collectively have extensive experience and expertise in prosecuting wage and hour class actions.

5.      Plaintiff is approved as the class representative for the Class Members.

6.      The Court finds on a preliminary basis that the proposed settlement described in the Agreement (including the monetary provisions, the plan of allocation, the release of claims, and the proposed award of attorneys' fees and costs) falls within the "range of reasonableness" and therefore grants preliminary approval of the Agreement. Based on a review of the papers submitted by the Parties, the Court finds that the Agreement is the result of extensive arm's-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims. The assistance of an experienced neutral mediator during the settlement process supports the Court's conclusion that the Agreement is non-collusive.

7.      The Court hereby APPROVES Phoenix Settlement Administrators as the Settlement Administrator for the purposes of this settlement.  Phoenix Settlement Administrators shall display documents related to this Settlement available on its website, including the operative complaint, Joint Stipulation of Class Action Settlement, and Motion for Preliminary Approval.

8.      A hearing (the "Final Approval and Fairness Hearing") is hereby SCHEDULED to be held before the Court on **December 16, 2021**, at 1:30 p.m. for the following purposes:

a.      to determine whether the Settlement is fair, reasonable, and adequate and direct its consummation pursuant to the terms of the Settlement Agreement;

b.        to determine whether Class Counsel and Plaintiff adequately represented the Settlement Class for the purpose of entering into and implementing the Agreement;

c.        to re-confirm the appointment of the Settlement Administrator and find that the Settlement Administrator has fulfilled its duties under the Settlement to date;

d.        to determine whether the Class Notice (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, and their right to exclude themselves from or object to the proposed settlement and to appear at the Final Approval Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of Federal Rule of Civil Procedure 23(c)(2), due process, and any other applicable rules or law;

e.        to approve the Opt-Out List and determine that the Opt-Out List is a complete list of all Class Members who have timely and properly requested exclusion from the Class and, accordingly, shall neither share in nor be bound by the Final Approval order and Judgment;

f.        to direct that the Final Approval order and Judgment of dismissal shall be final and entered forthwith;

g.        without affecting the finality of the Final Approval order and Judgment, to direct that the Court retain continuing jurisdiction over Plaintiff, the Class, and Defendants as to all matters concerning the administration, consummation, and enforcement of this Settlement Agreement;

h.        to adjudge that, as of the Final Approval Date, Plaintiff, and all Participating Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List approved by the Court, and their Legally Authorized Representatives, heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have received actual notice of the proposed Settlement, have conclusively compromised, settled, discharged, and released the Named

Plaintiff's General Released Claims (in the case of Plaintiff) and Participating Class Members' Released Claims (in the case of the Settlement Class Members) against Defendants and the Released Parties, and are bound by the provisions of this Agreement;

i.      to declare the Agreement and the Final Approval order and Judgment be binding on, and have res judicata and preclusive effect as to all pending and future lawsuits or other proceedings: (i) that encompass the Named Plaintiff's General Released Claims and that are maintained by or on behalf of Plaintiff and/or her Legally Authorized Representatives, heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, and (ii) that encompass the Participating Class Members' Released Claims and that are maintained by or on behalf of any Participating Class Member who has not been excluded from the Class as provided in the Opt-Out List approved by the Court and/or their Legally Authorized Representatives, heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether the Participating Class Member previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Participating Class Members' Released Claims, and even if such Participating Class Member never received actual notice of the Action or this proposed Settlement;

j.      to determine that the Agreement and the Settlement provided for herein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party of liability or non-liability or of the certifiability or non-certifiability of a litigation class, or that PAGA representative claims may validly be pursued, or of any misrepresentation or omission in any statement or written document approved or made by any Party; provided, however, that reference may be made to this Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the provisions of this Agreement, as further set forth in this Agreement;

1            k.     to order the preliminary approval of the Settlement, certification of the

2    Settlement Class and final approval of the proposed Settlement, and all actions associated with

3    them, were undertaken on the condition that they shall be vacated if the Settlement Agreement is

4    terminated or disapproved in whole or in part by the Court, or by any appellate court and/or other

5    court of review, in which event the Agreement and the fact that it was entered into shall not be

6    offered, received, or construed as an admission or as evidence for any purpose, including but not

7    limited to an admission by any Party of liability or non-liability or of any misrepresentation or

8    omission in any statement or written document approved or made by any Party, or of the

9    certifiability of a litigation class or the appropriateness of maintaining a PAGA representative

10   action, as further provided in this Settlement Agreement;

11           l.     to rule upon such other and further provisions consistent with the terms of

12   this Settlement Agreement to which the Parties expressly consented in writing.

13       **9.**    The form of Notice Packet is hereby APPROVED **with the following**

14   **modifications:**

15           **a.**     **Page 1— "Object/Go to Hearing" box, should read: "Submit a timely**

16   **objection to the Court about why you do not like the settlement. The Final Approval**

17   **hearing is scheduled for December 16, 2021 at 1:30 p.m. at the Oakland Courthouse, 1301**

18   **Clay Street, Oakland, CA 94612. The Court may continue the date of the Final Approval**

19   **Hearing. You may also be able to attend by Zoom or teleconference. Please check the**

20   **Court's website or contact Class Counsel for more information."**

21           **b.**     **Page 5— Include the Clerk's Office suite number to the address to**

22   **send written objections: Class Action Clerk, United States District Court for the Northern**

23   **District of California, Oakland Division, 1301 Clay St., Suite 400 South, Oakland, CA**

24   **94612.**

25   No later than fourteen (14) calendar days after the Preliminary Approval Date, Defendants shall

26   provide the Claims Administrator with the Class List for purposes of preparing and mailing

27   Notice Packets to Class Members. The Class List shall be confidential. The Claims

28   Administrator shall not provide the Class List to Class Counsel or Plaintiff or any third party or

use the Class List or any information contained therein for any purpose other than to administer this Settlement.  Specifically, for each Class Member, Defendants will provide the Claims Administrator with data Microsoft Excel spreadsheet and shall include, if possible, for each Class Member: full name, last known mailing address, telephone number, Social Security Number, dates of employment, and number of wage statements each Class Member received during the Class Period. The Claims Administrator shall send a copy of the Notice Packet by U.S. mail to each potential Class Member (the Notice Date). Before the initial mailing of the Notice Packet, the Claims Administrator shall make a good-faith attempt to obtain the most-current names and postal mail addresses for all potential Class Members to receive such postal mail, including (1) cross-checking the names and/or postal mail addresses it received from Defendants, and (2) reviewing the addresses with the National Change of Address Database. If any Notice Packet sent via U.S. mail to any potential Class Member is returned to the Claims Administrator with a forwarding address, the Claims Administrator shall forward the postal mailing to that address. If the Claims Administrator is not provided a forwarding address, the Claims Administrator shall attempt to locate a current mailing address for the Class Member by skip tracing using the Class Member's SSN and will mail the Notice Packet to the updated address identified. In the event that any Notice Packet is returned as undeliverable a second time, no further efforts shall be required. The Claims Administrator shall maintain a log detailing the instances Notice Packets are returned as undeliverable.

10.    The Court finds that the Notice Packet, along with the related notification materials, constitute the best notice practicable under the circumstances and are in full compliance with the laws of the State of California, the United States Constitution, and the requirements of due process. The Court further finds that the notifications fully and accurately inform the Class Members of all material elements of the proposed settlement, of the Class Members' right to dispute their share of the settlement, of the Class Members' right to be excluded from the Class, and of each Class Member's right and opportunity to object to the settlement.

11.    The Court hereby APPROVES the proposed Exclusion/Written Objection

Deadline of forty-five (45) calendar days from the initial mailing of the Notice Packet.

12.     The Court hereby APPROVES the proposed procedure for opting out of the Class. To be effective, such a request must include the Class Member's name, address, telephone number, and last four digits of his or her Social Security Number; a clear and unequivocal statement that the Class Member wishes to be excluded from the Settlement Class; and the signature of the Class Member. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Any member of the Class who requests exclusion from the settlement will not be entitled to any share of the settlement and will not be bound by the Agreement or have any right to object, appeal or comment thereon. Members of the Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Agreement and the Order and Final Judgment, regardless of whether they otherwise have requested exclusion from the settlement.

13.     All reasonable costs of settlement and claims administration, including the mailing of Notice Packet, shall be paid for as provided in the Agreement.

14.     All written objections and supporting papers must be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Suite 400 South, Oakland, California 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, no later than the Exclusion/Written Objection Deadline. The date of the postmark on the return-mailing envelope or the filing date (respective of the method used) shall be the exclusive means used to determine whether an objection has been timely submitted. A written objection must contain at least the following: (i) the objector's full name, address, telephone, last four digits of his or her Social Security Number, and signature; (ii) a clear reference to the Action; (iii) a statement of the specific legal and factual basis for each objection argument. All objections shall be signed by the objecting Class Member, even if the Class Member is represented by counsel. Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from

making any objections (whether by appeal or otherwise) to the Settlement. Class Members who submit a timely written objection have a right to appear at the Final Approval/Settlement Fairness Hearing in order to present his or her objection to the Court orally but are not required to attend. No Class Member may appear at the Final Approval/Settlement Fairness Hearing unless he or she has filed a written objection that complies with the procedures provided in this paragraph. Class Members who submit a Request for Exclusion are not entitled to object to the Settlement.

15.     It is further ordered that pending further order of this Court, all proceedings in this matter except those contemplated herein and as part of the settlement are stayed.

16.     All Parties are otherwise ordered to comply with the terms of the Agreement.

17.     Jurisdiction is hereby retained over this Litigation and the Parties to the Litigation, and each of the Settlement Class Members for all matters relating to this Litigation, the Agreement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Agreement and this Order.

18.     Based on orders above, the Schedule for Settlement Administration is:

| **Description** | **Basis for Calculation** | **Deadline** |
|---|---|---|
| Defendant to provide Class List to the Claims Administrator | 14 calendar days after Preliminary Approval | September 2, 2021 |
| Claims Administrator to mail Notice Packet | 10 calendar days after receiving Class List | September 12, 2021 |
| Response Deadline for Class members re Requests for Exclusion and Notices of Objections | 45 calendar days from the date of initial mailing of the Notice Packet | October 27, 2021 |
| Deadline to file Motion for Final Approval of Settlement | 83 days after anticipated August 19, 2021 | November 10, 2021 |

| Description | Basis for Calculation | Deadline |
|---|---|---|
| | Preliminary Approval date | |
| Deadline to file Motion for Approval of Attorneys' Fees and Costs | 83 days after anticipated August 19, 2021 Preliminary Approval date | November 10, 2021 |
| Hearing on Motions for Final Approval of Settlement and Attorneys' Fees and Costs | Third Thursday in December, pursuant to the Court's Standing Order, and at least 35 days' notice, pursuant to Local Rules | December 16, 2021, at 1:30 p.m. |
| Hearing on Motion for Final Approval | Third Thursday in December, pursuant to the Court's Standing Order, and at least 35 days' notice, pursuant to Local Rules | December 16, 2021, at 1:30 p.m. |

IT IS SO ORDERED.

Dated: August 19, 2021          By: _____

HON. KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

10